MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kenneth Phillip Patch, | ) | No. CV 08-388-PHX-DGC (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph M. Arpaio, et al., | ) | |
| Defendants. | ) | |

On February 28, 2008, Plaintiff Kenneth Phillip Patch, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a March 5, 2008 Order, the Court dismissed the Complaint for failure to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order. On April 4, 2008, Plaintiff filed a First Amended Complaint (Doc. #6). The Court will order Defendant Arpaio to answer Counts One, Three, and Four of the First Amended Complaint and will dismiss the remaining counts and Defendants without prejudice.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

**TERMPSREF**

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.     First Amended Complaint

In his five-count First Amended Complaint, Plaintiff sues Defendants Maricopa County Sheriff Joseph M. Arpaio, Fourth Avenue Jail Commander Captain Haggart, and Fourth Avenue Detention Officers I - XX.  In each Count, Plaintiff alleges a violation of his right to due process and the prohibition against cruel and unusual punishment.

In Count One, Plaintiff alleges that he is a minimum security detainee who has been housed with sentenced inmates who have threatened him and stolen and destroyed his property.  Plaintiff contends that Defendants were aware of the dangers of housing pretrial detainees with sentenced inmates and the need to house minimum security inmates separately, and were warned about inmate assaults on other inmates.  Plaintiff asserts that Defendant Arpaio was aware of and deliberately indifferent to the situation.

In Count Two, Plaintiff alleges that he is being punished without due process because the jail has been on lockdown because of a disturbance in another housing unit.  He contends that the lockdown began as a full lockdown and has been reduced to a 17-hour per day lockdown.  Plaintiff claims Defendant Arpaio knew of and condoned the lockdown.

In Count Three, Plaintiff alleges that detention officers and cleaning crews make excessive amounts of noise.  Plaintiff asserts that Defendant Arpaio is deliberately indifferent to inmate health and safety, makes policies for the jail, and knows of and supports the excessive noise levels.

In Count Four, Plaintiff alleges that he receives meals that are non-nutritious and contain moldy and spoiled food.  He alleges that Defendant Arpaio is deliberately indifferent to inmate health and safety, is responsible for the food service policy, and has acknowledged responsibility for undesirable food being served.

In Count Five, Plaintiff alleges that there is no visual barrier separating the toilets and sinks from the rest of the cell and, therefore, female detention officers, medical staff, and

visitors are able to see him using the toilet. He also contends that cleaning supplies are not provided, that requests for supplies are "usually" denied, and that he is forced to share a sink and toilet with others.

Plaintiff seeks monetary damages and injunctive relief.

### III.    Failure to Link Defendant with Injuries

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

Plaintiff does not allege that Defendant Haggart or the Defendant Detention Officers personally participated in a constitutional deprivation or were aware of widespread abuses and, with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further misconduct, or formed policies that resulted in Plaintiff's injuries. Thus, the Court will dismiss without prejudice Defendant Haggart and the Defendant Detention Officers because Plaintiff has failed to state a claim against them.[1]

---

[1]Moreover, as to the unnamed Detention Officers, Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint on an unidentified defendant.

## IV. Failure to State a Claim

### A. Count Two

In Count Two, Plaintiff alleges that he is being punished without due process because the jail has been on lockdown because of a disturbance in another housing unit. Although the Due Process Clause of the Fourteenth Amendment protects against the imposition of "punishment" prior to an adjudication of guilt, a detainee may be subjected to "the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment." Bell v. Wolfish, 441 U.S. 520, 535-37 (1979). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Id. at 539. "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." Id. at 546. Plaintiff does not allege that the lockdown is not reasonably related to a legitimate governmental objective. In fact, it appears Plaintiff is alleging the opposite – he states that the lockdown was precipitated by disruptive behavior among the detainees. Plaintiff has failed to state a claim in Count Two.

### B. Count Five

As to the allegation in Count Five that toilets and sinks are not separate from the rest of the cell and, therefore, female detention officers, medical staff, and visitors are able to see him using the toilet, the Court notes that pretrial detainees, like convicted prisoners, do not possess "the full range of freedoms of an unincarcerated individual." Bell, 441 U.S. at 546. "The applicability of the Fourth Amendment turns on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been 'invaded by government action.'" Hudson v. Palmer, 468 U.S. 517, 525 (1984) (quotation omitted). See also Bell, 441 U.S. at 557 ("any reasonable expectation of privacy that a detainee retained necessarily would be of a diminished scope").

TERMPSREF

- 4 -

1    "A right of privacy in traditional Fourth Amendment terms is fundamentally
2 incompatible with the close and continual surveillance of inmates and their cells required to
3 ensure institutional security and internal order." Hudson, 468 U.S. at 527-28.  Furthermore,
4 any restriction on Plaintiff's privacy interests is justified to the extent that it is "reasonably
5 related to legitimate penological interests." Turner, 482 U.S. at 89.  The Plaintiff "'bears the
6 burden of pleading and proving the absence of legitimate correctional goals for the conduct
7 of which he complains.'" Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (citation
8 omitted).   Protecting prison security and preventing the introduction of contraband are
9 legitimate penological objectives. See Thornburgh v. Abbott, 490 U.S. 401, 415 (1989);
10 Bell, 441 U.S. at 558-62. In addition, "assigned positions of female guards that require only
11 infrequent and casual observation, or observation at a distance, and that are reasonably
12 related to prison needs are not so degrading as to warrant court interference." Michenfelder
13 v. Sumner, 860 F.2d 328, 334 (9th Cir. 1988).  Therefore, Plaintiff has failed to state a claim
14 as to the lack of a physical barrier separating the toilet and sink from the rest of his cell.

15    As to the allegations that requests for cleaning supplies are usually denied and that
16 Plaintiff is forced to share a sink and toilet with others, the Court notes that "'[t]here is, of
17 course, a *de minimis* level of imposition with which the Constitution is not concerned.'"
18 Bell, 441 U.S. at 539 n.21 (quoting Ingraham v. Wright, 430 U.S. 651, 674 (1977)).
19 Communal toilets and the frequent, but not complete, denial of cleaning supplies fall within
20 this *de minimis* level of imposition and do not implicate rights of constitutional proportions.
21 Therefore, Plaintiff has failed to state a claim regarding the communal toilets and sinks and
22 the cleaning supplies.

23    Accordingly, Plaintiff has failed to state a claim in Count Five, and the Court will
24 dismiss it.

25 **V.    Claims for Which an Answer Will be Required**

26    Liberally construed, Plaintiff has stated claims against Defendant Arpaio in Counts
27 One, Three, and Four.  The Court will require Defendant Arpaio to answer those counts of
28 the First Amended Complaint.

**VI.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Counts Two and Five and Defendants Haggart and Detention Officers I - XX are **dismissed** without prejudice.

(2)    Defendant Arpaio must answer Counts One, Three, and Four of the First Amended Complaint.

(3) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #6), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant Arpaio within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of

1 the Summons, First Amended Complaint, or this Order and for preparing new process
2 receipt and return forms (USM-285), if required. Costs of service will be taxed against
3 the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
4 Procedure, unless otherwise ordered by the Court.

5 (8) **If Defendant agrees to waive service of the Summons and First Amended**
6 **Complaint, he must return the signed waiver forms to the United States Marshal, not**
7 **the Plaintiff.**

8 (9) Defendant must answer the First Amended Complaint or otherwise respond by
9 appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
10 the Federal Rules of Civil Procedure.

11 (10) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules
12 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

13 DATED this 21st day of May, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge